**B1040 (FORM 1040) (12/15)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br><br>Simmons Bank | **DEFENDANTS**<br><br>Sherry R. Sims |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Albertelli Law c/o Jeffrey S. Fraser<br>5404 Cypress Center Drive, Suite 300<br>Tampa, FL 33609<br>(813)-221-4743 | **ATTORNEYS** (If Known)<br>Joyce W. Lindauer<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>(972) 503-4033 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>✓ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>✓ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Sherry R. Sims | BANKRUPTCY CASE NO.<br>21-30467-mvl7 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>Dallas || NAME OF JUDGE<br>Michelle V. Larson |
| RELATED ADVERSARY PROCEEDING (IF ANY)   n/a ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>4/23/2021 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Fraser, ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
www.txnb.uscourts.gov

IN RE:
SIMMONS BANK,
    Plaintiff,

VS.

SHERRY R. SIMS
    Defendant,                  ADV. CASE NO.

                            *Main* Bk Case No. 21-30467-mvl7

    Debtor.
_____/

## COMPLAINT TO DETERMINE DEBT OWED BY SHERRY R. SIMS TO SIMMONS BANK AS NON-DISCHARGEABLE PURSUANT TO §523(a)(2)(A)

COMES NOW, the Plaintiff, **SIMMONS BANK** (hereinafter "Simmons"), by and through the undersigned counsel and hereby sues the Defendant, (hereinafter the "Debtor" or "Sims"), in connection to an alleged unsecured debt that should be deemed non-dischargeable, pursuant §523(a)(2)(A) of the Bankruptcy Code. In support, Simmons respectfully alleges the following:

### Background and Jurisdiction

1. This is an adversarial proceeding filed pursuant to Federal Bankruptcy rules of Procedure Rule 7001.

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. Section 1334 and 28 U.S.C. Section 157(b)(2)(I).

3. That Sims filed for protection under Chapter 7 of the Bankruptcy Code on March 17, 2021.

4. That prior to the Debtor's bankruptcy petition, the Debtor opened a credit card account with Simmons on June 12, 2019. As of the date of this bankruptcy's petition, the total

amount owed to Simmons by the Debtor is **$18,659.73.** The Debtor lists the Simmons debt on Schedule E/F in the amount of $18,492.02 as a non-priority unsecured claim.

5. That shortly before the petition date (again on March 17, 2021), the Debtor – using the Simmons credit card – made in excess of thirty (30) charges to AMAZON.COM in the months of January and February of 2021, and a **$1,189.67** charge to APPLE.COM on February 1, 2021. Attached as Exhibit A to this Complaint is a billing statement for Sims evidencing the stated charges along with a collection of other charges made on the account in the two months immediately preceding the bankruptcy petition.

6. That also included in the billing statement is a charge of **$2,500.00** paid to the counsel of the Debtor (the "bankruptcy fee") – presumably in connection to the legal services for the Debtor's instant bankruptcy filing. Furthermore, two other charges on February 3, 2021 (**$3,740.00**) and February 5, 2021 (**$3,760.00**) also appear to be legal fees.

### Count I: Non-dischargeable debt pursuant to §523(a)(2)(A)

7. Simmons reaffirms the above allegations contained in Paragraphs 1-6 as if fully incorporated herein.

8. Section 523(a)(2)(A) excepts from discharge "any debt—for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud...." 11 U.S.C.A. §523(a)(2). In re Thanh V. Truong, 271 B.R. 738, 744 (Bankr. D. Conn. 2002).

9. The Debtor's conduct immediately prior to the bankruptcy petition falls squarely into the "false representation" component of §523(a)(2)(A), and as such, the Simmons' debt should be excepted from the discharge in this case.

10. **Each use of a credit card is a representation of an intent to pay**. Id at 745. Emphasis added. *See also* Bank of America v. Jarczyk (In re Jarczyk), 268 B.R. 17, 21 (W.D.N.Y.2001) ("By far, the majority of courts have adopted what is sometimes termed the '**implied representation' theory**, which holds that **each time a cardholder uses his credit card, he impliedly represents to the issuing bank that he intends to repay the debt incurred**."). That is so because a representation may be made either through spoken words or, in the context of a credit card, implied through conduct. Emphasis added. In re Mercer, 246 F.3d at 406 (2001).

11. Courts often use a totality of circumstances approach to discern a debtor's subjective intent by applying a non-exhaustive list of factors ("badges of fraud") including, but not limited to: (1) the time elapsed between the charges, (2) whether the debtor consulted an attorney with respect to the filing of bankruptcy prior to incurring the subject charges, (3) number and amount of charges, (4) financial condition of debtor when charges were incurred, (5) if the charges exceeded the credit limit, (6) if multiple charges were incurred on the same day, (7) if the debtor was employed (and if not, the debtor's prospect for employment), (8) the debtor's financial sophistication, (9) if there were any sudden factors…and (10) if the charges were made for the purchase of luxury items or necessaries. Truong at 746.

12. Here, Sims' conduct coincides with several of the above badges of fraud. As stated, the Debtor continuously used the Simmons credit card in the months immediately preceding the bankruptcy. Per the most recent statements on the account (Exhibit A), between January 9, 2021 and February 10, 2021, the Debtor made thirty (34) separate purchases from AMAZON.COM, two (2) substantial purchases from APPLE.COM, and a $205.66 charge from Best Buy. Except for a few food and supermarket charges, the rest of the charges appear to be non-essential luxury items.

13. Furthermore, the Debtor clearly consulted with an attorney in connection with her financial situation, as evidenced by *actual* payment (with the Simmons credit card) for the attorney's bankruptcy services.

14. As it relates to the Debtor's financial situation and an ability (and intent) to repay the debt, according to the Debtor's Schedule I, the Debtor is not employed (and as such made all of these charges as an individual with no ongoing income).

15. Furthermore, as of the date of the petition, the Debtor indicates only $123.00 in cash on hand. This clearly displays that the Debtor had no intention (or funds) to pay back Simmons, while the Simmons credit card financed several non-essential purchases immediately before the bankruptcy.

16. Pursuant to §523(a)(2)(A), a finding that a debt is non-dischargeable is based on whether the debtor, at the time the debt is incurred, subjectively intended to repay the debt. For example, when a debtor uses a credit card with no intention of honoring the obligation, it may be less reprehensible when such transactions are made for necessities, such as for food, as opposed for luxury items, such as jewelry. Yet, **it is still fraud nonetheless**. Robin Hood may have stolen

from the rich, but it was still stealing. Emphasis added. Chase Bank v. Brumbaugh, 383 B.R. 907, 910 (Bankr. N.D. Ohio, 2007). In *this* case, most of the Debtor's purchases are not even necessities.

17.　Cumulatively, the Debtor did not have a job, made numerous credit card charges for non-necessary items, and then filed bankruptcy shortly thereafter. To boot, Sims used the same credit card to pay for her bankruptcy attorney.

18.　Based on the forgoing, the Debtor clearly had no intention on repaying the Simmons debt; and the Debtor's conduct falls within the parameters of §523(a)(2)(A) and this Court should deem the debt owed to Simmons bank non-dischargeable in its entirety.

WHEREFORE, **SIMMONS BANK** respectfully requests that this court enter an order determining that the debt owed to **SIMMONS BANK** in the amount of **$18,659.73** be deemed non-dischargeable pursuant to §523(a)(2)(A); and for the court to grant any and all other relief the court deems just and appropriate.

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 26th day of April 2021, I served a copy of the foregoing upon:

**SERVICE LIST**
Sherry R. Sims
107 Waters Garden
PO BOX 1830
Waxahachie, TX 75165

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202

*Trustee*
Anne Elizabeth Burns
900 Jackson Street, Suite 570
Dallas, TX 75202

*United States Trustee*
1100 Commerce Street, Room 976
Dallas, TX 75202

              /s/ *Jeffrey S. Fraser, Esq.*
              JEFFREY S. FRASER, ESQ.
              Florida Bar No. 0085894
              *Admitted to all Federal District Courts in and for*
              *the State of Texas (S.D., N.D., W.D., E.D.)*
              **ALBERTELLI LAW**
              Attorney for Secured Creditor
              PO Box 23028
              Tampa, FL 33623
              813-221-4743 ext. 2499
              Facsimile: (813) 221-9171
              bkfl@albertellilaw.com
              Alternate Email: jfraser@alaw.net